IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| RASHELLE GEDDIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, a Foreign Business Corporation,<br><br>Defendant. | Case No.<br><br>**SUMMONS** |

TO: Quest Diagnostics Clinical Laboratories
c/o Registered Agent
Corporate Service Company
1127 Broadway Street NE
Suite 310
Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at **http://www.oregonstatebar.org** or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON, SUITE 510
PORTLAND, OR 97205
Telephone: 503-389-1130
Facsimile: 503-345-3687

October 9, 2026
Date

/s/ Samuel N. Jackson
Signature of Attorney/Author for Plaintiff

Samuel N. Jackson 211298
Attorney's/Author's Name (Typed or Printed) Bar No. (if any)

Trial Attorney if Other than Above Bar No. (if any)

HKM Employment Attorneys LLP
621 SW Morrison, Suite 510
Address

Portland OR 97205 (503) 389-1130
City State Zip Phone

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entit(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

DATED: October 9, 2026.

/s/ Samuel N. Jackson
Samuel N. Jackson, OSB No. 211298

*Attorneys for Plaintiff*



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON, SUITE 510
PORTLAND, OR 97205
Telephone: 503-389-1130
Facsimile: 503-345-3687

10/9/2026 5:03 PM
26CV56998

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| RASHELLE GEDDIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., a Foreign Business Corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>1. Whistleblower Retaliation (ORS 659A.199); and<br>2. Oppositional Retaliation/ Discrimination (ORS 659A.030).<br><br>**PRAYER: $750,000.00**<br><br>**FEE AUTHORITY: ORS 21.160(1)(c)**<br><br>**NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rashelle Geddis ("Plaintiff" or "Ms. Geddis"), for her complaint against Quest Diagnostics Clinical Laboratories, Inc. ("Quest" or "Defendant") alleges as follows:

## JURISDICTION AND VENUE

1.

Plaintiff is a resident of Springfield, Lane County, Oregon.

2.

On information and belief, Defendant Quest is a foreign business corporation with its principal place of business located in Secaucus, New Jersey.

3.

Venue is appropriate in Lane County because Plaintiff is a resident of Lane County, Defendant Quest is a resident of Lane County as it conducts regular, sustained business activity in Lane County, and the cause of action arose in Lane County.



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON ST., SUITE 510
PORTLAND, OR 97205
503-389-1130

4.

At all material times, Defendant Quest employed Plaintiff, Quest's employees or agents supervised Plaintiff, and she relied on actual or apparent authority of Quest's employees, supervisors, and management.

5.

Acts complained of herein occurred in the State of Oregon.

6.

This action has been filed within the applicable statutory time periods and this Court has jurisdiction over Plaintiff's claims.

**FACTS**

7.

Plaintiff began working for Defendant Quest in or about August 2020 as a Patient Services Supervisor at its location in Eugene, Oregon.

8.

In her role as a Patient Services Supervisor, Plaintiff was responsible for operational, patient-care, and compliance-related work at the Quest locations she supervised.

9.

In total, Plaintiff was responsible at times for almost 40 accounts/locations and more than 60 direct reports, including in both Oregon and Alaska.

10.

Despite this workload, Plaintiff performed well at her job and Quest rated her as "Fully Meets Expectations" in her year-end performance reviews in 2022, 2023, and 2024.

11.

Plaintiff took her job seriously and thought critically about how to ensure that staff members provided the best level of patient-care while she was employed at Defendant Quest.

//



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

12.

In furtherance of that goal, Plaintiff believed it was important that Defendant Quest follow all applicable laws, regulations, policies, and guidelines and Plaintiff spoke up when she believed that Quest's practices needed to improve.

13.

Indeed, Plaintiff repeatedly reported information during her employment at Defendant Quest that she believed in good faith was evidence of violations of state or federal laws, rules, or regulations. Overall, these reports concerned anti-kickback laws, state phlebotomy credentialing requirements, disability-access requirements, workplace safety and biohazard rules, and patient-privacy laws.

14.

For example, in or around early 2023, while Plaintiff supervised Defendant Quest's account at Bend Medical Center, Plaintiff observed that patient blood specimens were being left out far too long per applicable laws, regulations, policies, and/or guidelines, which compromised the specimens and required patients' blood to be redrawn.

15.

In addition, Plaintiff also observed anti-kickback violations being committed by Defendant Quest's sales representatives at Bend Medical Center around this same time.

16.

Plaintiff reported these violations at the time in good faith to her supervisor, Senior Patient Services Manager Christine Williams ("Ms. Williams").

17.

Plaintiff also reported the violations at the time to Kiana Vail ("Ms. Vail"), Senior Patient Services Supervisor for Quest.

18.

Rather than correct the problem, Ms. Williams dismissed Plaintiff's concerns and



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

retaliated against her by removing Plaintiff from the Bend Medical Center account and documenting the incident in her mid-year performance review.

19.

In addition, in or around early January 2024, Plaintiff reported to Ms. Williams that some of Quest's phlebotomists lacked state-required licensing or were working with expired credentials.

20.

Plaintiff raised her concerns with Ms. Williams because she believed in good faith that allowing unlicensed phlebotomists to perform blood draws violated state and federal laws, rules, and regulations.

21.

Also in early January 2024, Plaintiff reported disability-access concerns to Ms. Williams concerning the inability of patients in wheelchairs to fit in the room to draw blood at one of Quest's sites.

22.

Moreover, in or around June 2025, Plaintiff reported to Ms. Williams that food had been found stored in a biohazard refrigerator with blood and urine samples in violation of applicable laws, rules, and regulations.

23.

Again, Ms. Williams dismissed Plaintiff's concerns.

24.

Plaintiff also reported that food was found in the biohazard refrigerator to her fellow supervisors, Evelyn Herring and Samantha Nepaial, who all agreed that corrective action was appropriate.

25.

On approximately June 20, 2025, Plaintiff also reported concerns to Ms. Williams that



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

Quest's sales wanted staff to use a client's equipment, which Plaintiff identified as a company-policy violation and contrary to anti-kickback laws.

26.

Just two months later, in or around the middle of August 2025, Plaintiff reported in good faith two more anti-kickback violations involving Defendant Quest and the landlords of two of Quest's locations in Roseburg and Salem, Oregon.

27.

This time, Plaintiff reported what she believed in good faith to be anti-kickback violations contrary to federal law, rules, or regulations to Defendant Quest's Compliance Analyst Mary Hook ("Ms. Hook"), to Quest's Quality Assurance and Regulatory Affairs Specialist Adrian Peng ("Mr. Peng"), and to Ms. Vail because Ms. Williams was on vacation at the time.

28.

Specifically, the anti-kickback violations that Plaintiff reported to Ms. Hook, Mr. Peng, and Ms. Vail concerned Quest providing services and benefits to two landlords in violation of federal laws, rules, or regulations including, but not limited to, processing all of the landlords' examinations on an emergency "STAT" basis without written orders or charging the associated STAT fees.

29.

When Ms. Williams returned from her vacation, she was angry with Plaintiff for reporting the violations to Defendant Quest's Compliance Officer and, rather than take steps to address or resolve the violations, Ms. Williams and Quest responded by barring Plaintiff from site meetings, removing her as the site supervisor, increasing her workload, and documenting the reports in her performance review.

30.

Shortly thereafter, in or around late August or early September 2025, Defendant Quest escalated the retaliatory treatment by putting Plaintiff on a sham 90-day Performance



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

Improvement Plan ("PIP") despite her receiving a "Fully Meets Expectations" rating in her last three year-end performance reviews.

31.

Specifically, the PIP was dated August 26, but Defendant Quest's records reflect that Plaintiff was placed on the PIP on September 12, and the PIP was signed by Quest on September 16, 2025.

32.

The PIP required Ms. Williams to meet with Plaintiff on a bi-weekly basis for 90 days until the PIP was completed.

33.

However, Ms. Williams only met with Plaintiff once regarding the PIP.

34.

Instead, on information and belief, Ms. Williams initiated a false and retaliatory investigation into Plaintiff in early September 2025 alleging that Plaintiff had purportedly failed to sign in to Defendant Quest's visitor logs despite no policy requiring Plaintiff to sign the logs.

35.

During the investigation in early September, Plaintiff had an interview with Defendant Quest's Human Resources where Plaintiff opposed Quest's unlawful retaliation and reported that she had experienced years of retaliation and hostility for reporting in good faith Quest's violations of laws, rules, and regulations.

36.

During the investigatory interview, Plaintiff also reported concerns to Human Resources regarding her unequal workload and pay; issues relating to having to work while on PTO; concerns regarding having to miss her medical appointments; and compliance issues regarding Defendant Quest's Sales Department violating federal laws, rules, or regulations.

//



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

37.

Ultimately, Defendant Quest's investigation did not substantiate the allegations against Plaintiff. Specifically, Quest's records state that "[b]ased upon the gathered information I did not substantiate the allegation of intentional falsification as it relates to visiting the site."

38.

Nevertheless, and in retaliation for reporting in good faith information that Plaintiff believed was evidence of a violation of a state or federal law, rule or regulation, and for opposing retaliation for her protected activities, Defendant Quest unlawfully terminated Plaintiff's employment on or around October 14, 2025.

39.

During Plaintiff's termination meeting, Ms. Williams again raised concerns regarding Plaintiff's purported failure to sign the visitor logs, even though Human Resources failed to substantiate the allegation of intentional falsification and Plaintiff provided documentation verifying that she had visited the sites on the dates in question.

40.

Defendant Quest's stated reason for terminating Plaintiff was pretext. Plaintiff was terminated because she reported, in good faith, information she believed was evidence of violations of state or federal laws, rules, or regulations, and because she opposed Quest's retaliation against her.

41.

Plaintiff immediately appealed her unlawful termination with Defendant Quest's Human Resources the same day.

42.

However, the next day, on October 15, 2025, Defendant Quest's Human Resources informed Plaintiff that she was not able to appeal her termination because it had been classified by Quest as workplace misconduct.



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

43.

As a result of Defendant Quest's unlawful acts, Plaintiff has suffered economic harm and emotional damage that continue to accrue, including, but not limited to, pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and humiliation.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Whistleblower Retaliation – ORS 659A.199**

**(Against Defendant Quest)**

44.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint with the same force and effect as if set forth herein.

45.

Under ORS 659A.199, it is unlawful for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

46.

Plaintiff reported information that she believed to be evidence of violations of a state or federal laws, rules, or regulations, including, but not limited to, anti-kickback violations; issues concerning unlicensed phlebotomists; OSHA and compliance violations relating to food and patient specimens; disability-access concerns; compliance issues regarding Quest's Sales Department; and issues regarding her unequal workload, pay, and having to work while on PTO.

47.

Plaintiff acted in good faith in reporting the above information.

//



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

48.

Defendant Quest discriminated and retaliated against Plaintiff in the terms, conditions and/or privileges of her employment, including, but not limited to, removing her from accounts, increasing her workload, putting her on a PIP, and terminating her employment, due to Plaintiff's disclosures of information that she believed was evidence of violations of state or federal laws, rules or regulations.

49.

Plaintiff's disclosures of information that she believed was evidence of violations of state or federal laws, rules or regulations was protected activity.

50.

Defendant Quest is vicariously liable for the actions of Ms. Williams.

51.

Defendant Quest through its actions, agents, and employees violated Plaintiff's right to protection as a whistleblower under ORS 659A.199.

52.

Plaintiff's protected activity was a substantial and motivating factor for Defendant Quest's discriminatory and retaliatory actions, including, but not limited to, removing her from accounts, putting her on a PIP, and terminating Plaintiff's employment.

53.

As a direct and proximate result of Defendant Quest's unlawful conduct, Plaintiff has suffered and may continue to suffer economic damages, including, but not limited to, loss of earnings, loss of benefits, loss of job opportunities, back pay, front pay, and loss of other employment benefits which may continue to accrue in an amount to be determined at the time of trial, but not less than $250,000.00, together with interest and the amount necessary to offset the income tax consequences of the award pursuant to ORS 659A.885(1).

//



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

54.

As a direct and proximate result of Defendant Quest's unlawful conduct, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, anguish, humiliation, mental stress, inconvenience, anxiety, and loss of enjoyment of life in an amount to be determined at trial, but not less than $500,000.00.

55.

Plaintiff is entitled to recover her reasonable attorney's fees and costs pursuant to ORS 659A.885.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Oppositional Discrimination/Retaliation – ORS 659A.030**

**(Against Defendant Quest)**

56.

Plaintiff re-alleges and incorporates by reference the prior paragraphs of this complaint with the same force and effect as if set forth herein.

57.

At all material times, Plaintiff opposed Defendant Quest's unlawful practices.

58.

In addition, Plaintiff specifically opposed Defendant Quest's unlawful retaliation against her for engaging in protected activities during Quest's investigation into the allegation that Plaintiff failed to sign Quest's visitor logs.

59.

Defendant Quest knew about Plaintiff's opposition.

60.

Defendant Quest engaged in an unlawful employment practice in violation of ORS 659A.030 by terminating Plaintiff's employment and/or otherwise discriminating against her because she opposed Quest's unlawful practices.



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

61.

As a direct and proximate result of Defendant Quest's unlawful conduct, Plaintiff has suffered and may continue to suffer economic damages, including, but not limited to, loss of earnings, loss of benefits, loss of job opportunities, back pay, front pay, and loss of other employment benefits which may continue to accrue in an amount to be determined at the time of trial, but not less than $250,000.00, together with interest and the amount necessary to offset the income tax consequences of the award pursuant to ORS 659A.885(1).

62.

As a direct and proximate result of Defendant Quest's unlawful conduct, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, anguish, humiliation, mental stress, inconvenience, anxiety, and loss of enjoyment of life in an amount to be determined at trial, but not less than $500,000.00.

63.

Plaintiff is entitled to recover her reasonable attorney fees and costs pursuant to ORS 659A.885.

**JURY TRIAL DEMAND**

64.

Plaintiff respectfully demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

**PUNITIVE DAMAGES**

65.

Plaintiff places Defendant Quest on notice of her intent to move the Court to amend this complaint to seek punitive damages and discovery of all relevant financial documents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the court to:

1. Assume jurisdiction over each of the causes set forth herein.



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

2. Issue a declaration that Defendant has violated Plaintiff's legally protected rights, and an order requiring Defendant to correct this deficiency.
3. Grant a permanent injunction enjoining Defendant, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice which retaliates against employees who request or exercise legally protected rights.
4. Order Defendant to create, implement and carry out policies, practices, and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the Court may direct.
5. Order Defendant to make Plaintiff whole by compensating her for past and future pecuniary losses, including, but not limited to, expenses, impairment of earning capacity, lost past and future earnings and benefits of employment, loss of job opportunities, and such other losses as are awarded by a jury or are otherwise established at trial.
6. Order Defendant to pay Plaintiff an award of compensatory damages for non-economic losses, including, but not limited to, emotional distress, anguish, humiliation, anger, shame, fear, mental stress, inconvenience, loss of enjoyment of life, anxiety, and such other losses as are awarded by a jury or are otherwise established at trial.
7. Award Plaintiff the costs of her suit and her reasonable attorney fees, costs, and expert witness fees.
8. Order Defendant to pay pre-judgment and post-judgment interest, as appropriate, on all amounts due to Plaintiff as a result of this action.

//

//

//

//



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

DATED this 9th day of October 2026.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Samuel N. Jackson*
Jason A. Rittereiser, OSB No. 211298
jrittereiser@hkm.com
Samuel N. Jackson, OSB No. 232674
sjackson@hkm.com
Tel: (503) 389-1130; Fax: (503) 345-0806

*Attorneys for Plaintiff Rashelle Geddis*



HKM EMPLOYMENT ATTORNEYS LLP
621 SW MORRISON STREET, SUITE 510
PORTLAND, OR 97205
503-389-1130

# REGISTER OF ACTIONS

## CASE NO. 26CV56998

**Rashelle Geddis vs Quest Diagnostics Clinical Laboratories, Inc.** § § § § §

Case Type: **Tort - General**
Date Filed: **10/09/2026**
Location: **Lane**

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Quest Diagnostics Clinical Laboratories, Inc.**<br>c/o Corporation Service Company - 1127 Broadway St NE<br>Ste 310<br>Salem, OR 97301 | |
| **Plaintiff** | **Geddis, Rashelle**<br><br>c/o HKM Employment Attorneys LLP - 600 Stewart Street<br>Suite 901<br>Seattle, WA 98101 | **Samuel N Jackson**<br>*Retained*<br>541 868-5871(W)<br><br>Jason A Rittereiser<br>*Retained*<br>206 826-5358(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

10/09/2026 **Complaint**
Created: 10/12/2026 8:08 AM

10/09/2026 **Service**

| | | |
|---|---|---|
| Quest Diagnostics Clinical Laboratories, Inc. | Served | 10/20/2026 |
| | Returned | 10/27/2026 |

Created: 10/12/2026 8:08 AM

10/27/2026 **Proof - Service**
*psrv authorized person 102026*
Created: 10/27/2026 2:10 PM

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Geddis, Rashelle | | | |
| | Total Financial Assessment | | | 594.00 |
| | Total Payments and Credits | | | 594.00 |
| | **Balance Due as of 11/18/2026** | | | **0.00** |
| 10/12/2026 | Transaction Assessment | | | 594.00 |
| 10/12/2026 | xWeb Accessed eFile | Receipt # 2026-758193 | Geddis, Rashelle | (594.00) |



EXHIBIT A
PAGE 16 OF 16